# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 1204 | **DATE** | 4/25/2003 |
| **CASE TITLE** | U.S.A. vs. Bradley Vallem | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss Counts of the Indictment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated in the attached memorandum, Defendant's Motion to Dismiss Counts of the Indictment [Doc # 11] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 2 8 2003 date docketed | 19 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| jar/lc | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 02 CR 1204 |
| Plaintiff, ) | |
| ) | HONORABLE DAVID H. COAR |
| v. ) | |
| ) | |
| BRADLEY VALLEM ) | |
| ) | DOCKETED |
| ) | |
| Defendant. ) | APR 2 8 2003 |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendant Bradley Vallem's Motion to Dismiss Counts One, Two, Three, Five, Seven and Nine ("the challenged counts") of the indictment. Defendant Bradley Vallem ("Defendant" or "Vallem") presents one justification to dismiss the challenged counts of the indictment: they do not satisfy the statute of limitations. The motion is fully briefed and ripe for decision.

## DISCUSSION

On a motion to dismiss the indictment, the Court assumes that all the allegations in the indictment are true. See Boyce Motor Lines v. United States, 342 U.S. 337, 343 n.16 (1952) ("the allegations of the indictment must be taken as true"); see also United States v. Arnaout, 236 F. Supp. 2d 916, 917 (N.D. Ill. 2003). The indictment alleges that Vallem had a central role in a scheme to inflate the value of a corporation in order to raise revenue, obtain financing, and keep stock prices high. The indictment also alleges that Vallem transmitted information electronically, i.e. over the wires, to further that scheme.

1

/9

The central issue in Defendant's Motion to Dismiss the challenged counts of the indictment is which statute of limitations should apply: the five year statute of limitations of 18 U.S.C. § 3282 or the ten year statute of limitations of 18 U.S.C. § 3293. If the five year statute of limitations applies, both sides agree that the prosecution would be barred by the statute of limitations. If the ten year statute of limitations applies, the prosecution can proceed. In order for the ten year statute of limitations to apply, the acts of wire fraud alleged in the challenged counts must have "affected a financial institution." 18 U.S.C. § 3293.

Before addressing Defendant's arguments directly, the Court needs to step back and examine the elements of a conviction for wire fraud. "In order to establish a violation of the mail or wire fraud statutes, the government must prove (1) that the defendant participated in a scheme to defraud; (2) the defendant intended to defraud; and (3) the defendant used the . . . wires (18 U.S.C. § 1343) in furtherance of the fraudulent scheme." United States v. Tadros, 310 F.3d 999, 1006 (7th Cir. 2002). In this case, the statute of limitations essentially builds in another element: that the wire fraud "affected a financial institution."

In each of the challenged counts, Defendant argues that the allegations do not affect a financial institution because the recipient of the information transmitted by wire was not a financial institution. In Counts One through Three, the Defendant is accused of sending a fraudulent reporting form to the SEC; in Count Five, the recipient of the wire was ThomasBankWatch, Inc; in Count Seven, the recipient of the wire was Salomon Brothers, Inc.; and in Count Nine, the recipient of the wire was an employee of T. Rowe Price.

Defendant's view of the statute requires the Court to read in a requirement that the financial institution be either the recipient of the wire communication or the direct object of the

2

fraudulent scheme. The statute requires neither. As long as the fraudulent scheme "affects a financial institution," the ten year statute of limitations applies. This extends the five year statute of limitations for a fairly broad class of crimes, but that appears to be what the statute requires. See United States v. Pelullo, 964 F.2d 193, 216 (3rd Cir. 1992) ("Clearly, . . .Congress chose to extend the statute of limitations to a broader class of crimes.").

Looking at the indictment, then, it alleges that Defendant's corporation "fraudulently obtained and maintained nearly $1,500,000,000 in loan commitments and lines of credit from financial institutions . . . ." (Indictment, Count One ¶20.) It further alleges that lenders "lost over $40,000,000 on loans extended to Mercury Finance [Defendant's corporation]." (Id.) Assuming these allegations to be true, as the Court must on a motion to dismiss the indictment, the indictment sufficiently alleges that the wire fraud affected a financial institution.[1]

Whether the wire fraud actually did affect a financial institution is a jury question. In a Second Circuit case where the wire fraud indictment was filed six years after the actions took place, the district court "charged the jury that in order to convict, the government was required to prove that [the Defendant's] wire fraud . . . affected a financial institution." United States v. Bouyea, 152 F.3d 192, 195 (2nd Cir. 1998). In this case, the Court will follow the same course: to sustain a conviction the government must prove for each count of the indictment that the wire fraud affected a financial institution.[2] The jury will decide whether the government is able to

---

[1] Although this allegation is originally set forth in Count One, each subsequent count realleges and incorporates paragraphs one through twenty, making the allegation part of each count.

[2] The Court expresses no opinion as to the appropriate standard of proof for whether the wire fraud affected a financial institution.

3

sustain that burden.

## CONCLUSION

For the reasons set forth in this opinion, Defendant's Motion to Dismiss Counts One, Two, Three, Five, Seven, and Nine of the indictment for failure to comply with the five year statute of limitations is denied.

**Enter:**

_____
**David H. Coar**
**United States District Judge**

**Dated:** April 25, 2003